IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FERNANDO MARQUEZ,**
**Claimant Below, Petitioner**

**FILED**
**April 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-303**         (JCN: 2023004462)

**TRACARDEBRE, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Fernando Marquez appeals the June 28, 2024, order of the Workers' Compensation Board of Review. Respondent Tracardebre, LLC ("Tracardebre") filed a response.[1] Mr. Marquez did not reply. The issues on appeal are whether the Board erred in affirming the claim administrator's orders, which (1) denied a request for left knee arthroscopy and right shoulder arthroscopy, and (2) denied a request for an NCS/EMG and referral to WVU Pain Management.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that the Board's order was clearly wrong in affirming the denial for the right shoulder arthroscopy and NCS/EMG and referral to WVU Pain Management, but not clearly wrong in denying the request for a left knee arthroscopy. For the reasons set forth below, the Board's order is affirmed in part, and reversed in part.

Mr. Marquez completed an Employees' and Physicians' Report of Occupational Injury or Disease on July 18, 2022. Mr. Marquez indicated that he injured his right elbow up to his shoulder and right hip when he was carrying a boiling pot of chicken wings to the sink, slipped on the rug in front of the sink, and caught himself with his elbow on the tile floor while at work. Annie Mann, NP, signed the physician's portion of the form on July 18, 2022. NP Mann indicated that Mr. Marquez's condition was a result of an occupational injury and that he injured multiple body parts. No diagnoses or diagnosis codes were indicated on the form.

On September 6, 2022, Mr. Marquez was evaluated at Pivot Physical Therapy. Mr. Marquez presented for a skilled physical therapy evaluation due to increased right shoulder and elbow pain/dysfunction following a slip and fall at work. Mr. Marquez demonstrated

---

[1] Mr. Marquez is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. Tracardebre is represented by Daniel G. Murdock, Esq.

symptoms consistent with tight shoulder tendonitis, secondary impingement, increased ulnar nerve tension, and increased pain. Mr. Marquez was discharged from physical therapy on October 27, 2022, due to no progress after receiving sixteen physical therapy treatments. Mr. Marquez had increased ROM and strength in the right shoulder, but he continued to report increased pain levels and clicking/cracking in the right shoulder with overhead mobility.

A left knee MRI was performed at WVU Medicine on January 27, 2023. Among the radiologist's findings was a recent fracture of the inferior aspect of the patella. The impression was a horizontal tear of the posterior horn and body of the medial meniscus and a recent fracture of the anterior aspect of the patella. The fracture fragment was separated from the rest of the patella by about 5 mm, but no tear of the patellar tendon was detected. On the same day as the MRI, Mr. Marquez was seen by John Mikes, NP, at WVU Medicine Spring Mills Orthopedics. Mr. Marquez reported that he had a fractured patella from three months ago when he slipped while carrying a pot of boiling water. Mr. Marquez underwent an x-ray of his left knee. The impression was a mildly retracted small avulsion fracture lower pole of the patella. NP Mikes assessed a closed displaced fracture of the patella and avulsion of the left patellar tendon.

On March 22, 2023, Mr. Marquez underwent an MRI of his right shoulder, which revealed a large full-thickness incomplete tear of the supraspinatus tendon with mild tendon retraction and no muscle atrophy; no biceps tendon tear or subluxation; and no labral or capsular/ligamentous injury.

On March 24, 2023, NP Mikes examined Mr. Marquez following his right shoulder MRI. NP Mikes noted that Mr. Marquez had paused physical therapy on his shoulder and elbow at about eight weeks because he was not showing signs of improvement. NP Mikes assessed a right rotator cuff tear. Mr. Marquez consented to a right shoulder arthroscopy with rotator cuff repair and platelet rich plasma injection.

On April 5, 2023, Dwight Kemp, M.D., performed a right shoulder arthroscopic rotator cuff repair, placement of platelet rich plasma, and acromioplasty decompression. The pre- and post-operative diagnoses were right shoulder rotator cuff tear, and impingement.

On April 24, 2023, Mr. Marquez was seen by Dr. Kemp for a post-operative visit regarding his right rotator cuff tear repair. Dr. Kemp directed Mr. Marquez to continue with self exercises including more forward flexion assisted by his left upper extremity, followed by a course of physical therapy. Dr. Kemp indicated that Mr. Marquez could not do a full-time job requiring the use of his shoulder or lifting.

On May 25, 2023, NP Mikes completed a request for authorization for a left knee arthroscopy with partial medial meniscectomy, right shoulder arthroscopy with rotator cuff

2

repair, and platelet rich plasma injection. NP Mikes stated that the basis for the request was that an MRI confirmed a torn meniscus and rotator cuff after a fall injury at work.

On August 3, 2023, the claim administrator issued an order that denied the May 25, 2023, request for a left knee arthroscopy and right shoulder arthroscopy because the procedures were performed without prior authorization and because Mr. Marquez's application was not filed within six months of the injury. Mr. Marquez protested this order.

On August 24, 2023, Mr. Marquez was seen by NP Mikes for a post-operative visit. Mr. Marquez reported that he had numbness in his arm that had not improved since the injury. Further, Mr. Marquez indicated that he had pain in his neck and trapezius area, which radiates down to his arm posteriorly and into the volar forearm. NP Mikes assessed traumatic complete tear of the right rotator cuff, postoperative state, and cervical radiculopathy. NP Mikes indicated that he planned to request an EMG study for Mr. Marquez's nerve symptoms, which seemed to be coming from his neck, but could possibly be the result of a double crush injury. NP Mikes referred Mr. Marquez to pain management to begin treatment on his cervical spine.

On August 29, 2023, Mr. Marquez gave a deposition regarding his claim. Mr. Marquez testified that he was working at Anthony's Pizza on July 7, 2022, when he was carrying a hot bucket of water to the sink, slipped, landed on his right elbow, and twisted his left knee. Mr. Marquez indicated that he was seen by his primary care physician at Shenandoah Health on July 8, 2022, and at Valley Health Urgent Care on July 18, 2022. Mr. Marquez stated that he underwent physical therapy from September 6, 2022, to October 27, 2022, at which time he was working light duty for four to six hours per day. Mr. Marquez indicated that he did not have any problems with his knee or shoulder prior to the July 7, 2022, injury.

On September 11, 2023, the claim administrator issued an order which denied NP Mikes' September 9, 2023, request for an NCS/EMG and referral to WVU Pain Management because a cervical injury was not a recognized compensable condition, and on the basis that the application was untimely filed. Mr. Marquez protested this order.

On September 19, 2023, a CT of Mr. Marquez's cervical spine was performed. The impression was no acute fracture of traumatic malignment of the cervical spine and mild degenerative changes of the cervical spine with no definite high-grade spinal canal or high-grade osseous neural foraminal stenosis.

On September 8, 2023, Mr. Marquez was evaluated by Leslie Foster, D.O., at Pain Management, WVU Brain and Spine following a referral by NP Mikes. Mr. Marquez presented with right shoulder, right elbow, neck, right upper extremity numbness and tingling, and knee pain related to a work injury on July 7, 2022. Mr. Marquez described pain, tenderness, numbness, and tingling. Dr. Foster indicated that Mr. Marquez had

intermittent numbness in an ulnar nerve distribution versus cervical radicular C8 distribution. Dr. Foster reviewed the March 22, 2023, MRI of Mr. Marquez's right shoulder, which revealed a large full-thickness incomplete tear of the supraspinatus tendon with mild tendon retraction, no muscle atrophy, no biceps tendon tear or subluxation and no labral or capsular/ligamentous injury. Dr. Foster's impression was cervical radiculopathy, rotator cuff tear, elbow pain, numbness and tingling in the right upper extremity, and weakness in the right upper extremity.

On September 19, 2023, a CT of Mr. Marquez's cervical spine was performed. The impression was no acute fracture or traumatic malignment of the cervical spine and mild degenerative changes of the cervical spine with no definite high-grade spinal canal or high-grade osseous neural foraminal stenosis. An NCS/EMG test was performed on October 12, 2023. The impression was mild right median neuropathy at the wrist and mild chronic right ulnar neuropathy not further localized.

On November 30, 2023, Mr. Marquez was evaluated by Alan Dombrosky, PA-C, at Frederick Health Medical Group. PA-C Dombrosky assessed chondromalacia of the left knee and acromioclavicular joint arthritis. Injections were given to Mr. Marquez's left shoulder and right knee. PA-C Dombrosky issued an addendum dated December 15, 2023, in which he indicated that Mr. Marquez's injury was in July 2022, and that he had surgery on his knee and shoulder and continued to have pain.

On June 28, 2024, the Board issued an order affirming: (1) the claim administrator's August 3, 2023, order, which denied the request for left knee arthroscopy and right shoulder arthroscopy, and (2) the claim administrator's September 11, 2023, order, which denied the request for an NCS/EMG and referral to WVU Pain Management.[2] With respect to the left knee arthroscopy, the Board found that the surgery was requested for the diagnosis of left knee torn medial meniscus, which is not a compensable condition in the claim. Regarding the right shoulder arthroscopy, the Board found that NP Mikes requested authorization for the surgery on May 25, 2023, after the surgery had already been performed by Dr. Kemp. Further, the Board found that the request for the NCS/EMG of the right upper extremity and referral to WVU Pain Management were requested to treat

---

[2] The Board's order also reversed the claim administrator's order dated June 19, 2023, and granted TTD benefits from April 5, 2023, to August 2023; reversed in part the claim administrator's August 3, 2023, order and accepted the condition of right rotator cuff tear as a compensable condition, and affirmed in part the denial of the conditions of left medial meniscus tear, left patella fracture, and left patellar tendon avulsion. Mr. Marquez's brief makes clear that this appeal is limited to the issues of the right shoulder arthroscopy, the denial of the NCS/EMG and referral to WVU Pain Management.

4

the diagnosis of cervical radiculopathy, which is not a compensable condition in the claim. It is from this order that Mr. Marquez now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mr. Marquez argues that the Board was clearly wrong in affirming the claim administrator's order denying authorization for right shoulder arthroscopy on the basis that the request for authorization was not sought prior to the performance of the surgery. Mr. Marquez also argues that the requested EMG/NCS, and referral to WVU Pain Management are reasonable and necessary medical treatments for the resolution of his ongoing neurological symptoms. Upon review, we conclude that the Board was clearly wrong in denying the right shoulder arthroscopy, EMG/NCS and referral to WVU Pain Management, as these are reasonable and necessary medical treatments for the compensable injury. However, we conclude that the Board was not clearly wrong in affirming the claim administrator's order denying authorization for left knee arthroscopy.

The claim administrator must provide a claimant with medically related and reasonably necessary treatment for a compensable injury. *See* W. Va. Code § 23-4-3 (2005) and W. Va. Code R. § 85-20-9.1 (2006).

Regarding the issue of authorization for left knee arthroscopy, the Board found that because the left knee meniscal tear is not a compensable condition of this claim, the treatment was not reasonable and necessary for the July 7, 2022, injury. We agree with the Board's conclusion regarding the left knee arthroscopy.

5

Regarding the authorization for right shoulder arthroscopy, the Board found that NP Mikes requested authorization for this surgery on May 25, 2023, after the surgery had been performed on April 5, 2023. West Virginia Code of State Rules § 85-20-9.10d (2006) provides that all surgeries require prior review and authorization before services are rendered and reimbursement made. The Board concluded that NP Mikes did not properly request prior authorization for the surgery, and that the claim administrator properly denied authorization for the right shoulder arthroscopy. However, we note that the Board's order also held the claim compensable for right rotator cuff tear. This condition was not compensable when the surgery was performed. Right shoulder arthroscopy is reasonable and necessary treatment for the compensable condition of right rotator cuff tear. Thus, we conclude that the Board was clearly wrong in affirming the denial of right shoulder arthroscopy.

Turning to the issue of the denial of the requested EMG/NCS testing and a referral to WVU Pain Management, we conclude that these were reasonable and necessary tests and treatments to determine the cause of Mr. Marquez's shoulder pain following the compensable injury. NP Mikes referred Mr. Marquez for the EMG/NCS, a diagnostic tool, to determine the source of Mr. Marquez's ongoing symptoms of numbness across his right upper extremity. Mr. Marquez was not required to have a compensable cervical condition prior to a diagnostic test that was intended to determine whether his symptoms were coming from the cervical spine or the shoulder itself. Thus, we conclude that the Board was also clearly wrong in affirming the claim administrator's denial of the requested EMG/NCS testing and a referral to WVU Pain Management.

Accordingly, we affirm the Board's June 28, 2024, order insofar as it affirmed the denial of the left knee arthroscopy. However, we reverse the portions of the Board's order that denied authorization for right shoulder arthroscopy, EMG/NCS testing, and a referral to WVU Pain Management.

Affirmed in part, and Reversed, in part.

**ISSUED:** April 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White